**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LIZ ENTERPRISES, INC. D/B/A | § | CIVIL ACTION NO.___5:17-cv-292_____ |
| "SHADES OF LOVE" | § | |
| Plaintiff, | § | |
| | § | |
| | § | JURY DEMANDED |
| v. | § | |
| | § | |
| | § | |
| | § | |
| MAGIC MOMENTS INTL. D/B/A | § | |
| MAGIC SILK | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT,**
**UNFAIR COMPETITION, AND UNJUST ENRICHMENT**

Plaintiff Liz Enterprises, Inc. D/B/A "Shades of Love" ("Plaintiff"), appearing through her

undersigned counsel, alleges as follows:

**I.**
**JURISDICTION AND VENUE**

1.     This is an action for trademark infringement and unfair competition under the Trademark

Act of 1946, as amended, 15 U.S.C. § 1051 et seq. ("LANHAM ACT"); and trademark infringement,

unfair competition, and unjust enrichment under Texas common law.

2.     This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of

the LANHAM ACT, 15 U.S.C. § 1121 and Chapter 85 of the Judiciary and Judicial Procedure Code,

28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28

U.S.C. § 1367(a).

3.      The Court has personal jurisdiction over the Defendant as it purposefully availed itself of the benefits of conducting business in Texas by selling infringing products in this State and Judicial District.

4.      Venue is proper in the Western District of Texas under 28 U.S.C. § 1391(b) because a substantial portion of the acts, conduct, and events forming the basis of this suit occurred in the Western District of Texas.

## II.
## PARTIES

Plaintiff LIZ ENTERPRISES, INC. D/B/A "Shades of Love" is a Texas Corporation with its principal place of business located at 300 W. Bitters Rd., San Antonio, TX 78216.

Defendant MAGIC MOMENTS INTERNATIONAL, INC. D/B/A MAGIC SILK is a New York corporation with its principal place of business at 380 Rabro Dr. Huappague, NY 11788, and may be served with process by serving its registered agent Corporation Service Company at 4 Central Avenue, Albany, New York, 12210.

## III.
## FACTS

### A.      PLAINTIFF AND ITS MARK "SHADES OF LOVE"

5.      Plaintiff LIZ ENTERPRISES, INC. D/B/A "Shades of Love" owns an adult novelty retail boutique operating under the mark "Shades of Love" in San Antonio, Texas.

6.      "Shades of Love" is San Antonio's original adult novelty store, and has been operating under the mark "Shades of Love" since the year 2000. For almost 20 years, Plaintiff has specialized in providing customers with a wide selection of high-quality lingerie, adult toys, books, videos, in a professional yet inviting setting under the "Shades of Love" mark. Over the years, Plaintiff's "Shades of Love" retail store has become the San Antonio staple for adult gifts, and has developed

ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, AND UNJUST ENRICHMENT

a strong connection in the minds of the consuming public between the "Shades of Love" mark, its goods, and its quality retail environment.



7.    Due to its overwhelming physical presence and success in San Antonio, Plaintiff was eventually able to establish an online storefront under the "Shades of Love" mark.

8.    Plaintiff's use of the "Shades of Love" mark in association with its online store, like its physical storefront, identifies Plaintiff's retail store and indicates to the consuming public the source of Plaintiff's high-quality products and retail services.



9.      As a result of Plaintiff's long use and promotion of the mark, "Shades of Love" has become distinctive of Plaintiff's storefronts and e-commerce business, which are the sources of Plaintiff's high-quality products and services, and distinguishes it from its competitors.

10.     As a result of Plaintiff's use and promotion of the "Shades of Love" mark nationwide, Plaintiff holds common law rights in the "Shades of Love" mark.

11.     After acquiring the "Shades of Love" common law mark, in accordance with the provisions of federal law, Plaintiff filed for ownership of the registered mark with the United States Trademark and Patent Office in November of 2016.

12.     Plaintiff owns registration of the "Shades of Love" mark with the United States Patent and Trademark Office, No. 86675281, (associated with clothing and lingerie), No. 86675274 (used in the online sale of adult sex aids). Exhibit A.

13.     Plaintiff has been a customer of Defendant Magic Silk for over a decade, and at all times relevant hereto, Defendant was aware that Plaintiff operated under the "Shades of Love" mark.

**B.      DEFENDANT MAGIC SILK**

14.     Defendant MAGIC MOMENTS INTERNATIONAL, INC. D/B/A MAGIC SILK is a wholesale retail lingerie supplier.

15.     Magic Silk, like Plaintiff, advertises its products to customers nationwide, including customers in the state of Texas. Magic Silk representatives travel nationwide to promote and sell its lingerie products.

16.     In 2011, *Fifty Shades of Grey*, the erotic romance novel series by author E.L. James, was released and achieved giant commercial worldwide success. Following the phenomenal success of the book series, motion major pictures based on the book series were released also under the name *Fifty Shades of Grey*. The movies, like the books, were widely successful.

ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, AND UNJUST ENRICHMENT

17.     In an attempt to leverage the success of the *Fifty Shades of Grey* books, Defendant created an adult bondage set under the name "Shades of Love" sometime before the release of the *Fifty Shades of Grey* movie was released in February 2015.

18.     Defendant began to advertise the "Shades of Love" product line on his website and via promotional emails to his customer base. Magic Silk representatives also began to sell the line nationwide.

19.     In or around March of 2016, Defendant sent an email to Plaintiff advertising the 'Shades of Love' line. Shortly thereafter, Plaintiff became aware of Defendant's pending application with the United States Patent and Trademark Office (USPTO) for registration of the mark.

20.     Plaintiff immediately hired counsel who contacted Defendant and demanded that he cease all use of the "Shades of Love" mark.

21.     In or around April 2016, Plaintiff successfully challenged Defendant's federal registration of the mark by showing long-standing prior, continued use of the mark, and the likelihood of confusion.

22.     Plaintiff's own "Shades of Love" mark was entered into the federal registry in November of 2016. Exhibit A.

23.     In January 2017, Plaintiff learned that Defendant continued to sell his product under "Shades of Love" despite having no right to do so. Plaintiff contacted Defendant and again demanded that Defendant cease use of the mark, which Defendant promised to do. However, Defendant never in fact ceased use of the mark and continued to sell his "Shades of Love" line.

24.     In March of 2017, Plaintiff was forced to contact Defendant yet again and demand that he cease and desist all use of mark. Defendant acknowledged his continued use of the mark and blatantly disregarded Plaintiff's ownership of the mark.

ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, AND UNJUST ENRICHMENT

### C.    DEFENDANT'S INFRINGING ACTIVES

25.    Defendant promotes, markets, and sells its product under the name "Shades of Love" in commerce.



26.    Defendant is not affiliated with, sponsored by, nor is authorized by Plaintiff to use the "Shades of Love" mark.

27.    Defendant's use of the mark is likely to cause confusion. Like Plaintiff, Defendant is marketing, promoting, and selling products under the "Shades of Love" mark online and in-person.

28.    Defendant knowingly and willfully infringed on Plaintiff's mark. At all times relevant hereto Defendant has been aware that Plaintiff holds both common law and federal trademark rights. Not only was Plaintiff Defendant's longstanding customer and only ever operated under "Shades of Love," Plaintiff also successfully challenged Defendant's registration of the mark, and federally registered her own mark shortly thereafter.

### D.    EFFECT OF DEFENDANT'S INFRINGING ACTIVITIES

29.    Defendant's unauthorized use of the "Shades of Love" mark is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's product.

30.     Defendant's unauthorized use of the "Shades of Love" mark falsely designates the origin of its product, and falsely and misleadingly describes and represents facts with respect to Defendant's product.

31.     Defendant's unauthorized use of the "Shades of Love" mark enables Defendants to trade on and receive the benefit of goodwill, notoriety, and excellent business reputation built up at great labor and expense by the Plaintiff.

32.     Defendant's unauthorized use of the "Shades of Love" mark removes from Plaintiff the ability to control the nature and quality of products and services provided under mark, which Plaintiff owns, and places the valuable reputation and goodwill of the Plaintiff in the hands of Defendant, over whom Plaintiff has no control.

33.     Unless these acts of Defendant are restrained by this Court, it will continue to cause irreparable injury to Plaintiff for which there is no adequate remedy at law.

## IV.
## COUNT 1- FEDERAL TRADEMARK INFRINGEMENT

34.     Plaintiff repeats the allegations above as if fully set forth herein.

35.     Defendant's unauthorized use of the mark "Shades of Love" in connection with the sale, offering for sale, distribution, and/or advertising of adult erotic novelty products, is likely to cause confusion or mistake or to deceive customers into falsely believing that Defendant's product is affiliated with Plaintiff, or that Plaintiff has approved of or sponsored Defendant's product, all in violation of Section 43(a) of the LANHAM ACT, 15 U.S.C. § 1125(a).

36.     Defendant's acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Plaintiff's rights in the "Shades of Love" mark, and with intent to cause confusion and to trade on Plaintiff's goodwill in the "Shades of

Love" mark. In view of the egregious nature of Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## V.
## COUNT 2- COMMON LAW TRADEMARK INFRINGEMENT

37.     Plaintiff repeats the allegations above as if fully set forth herein.

38.      The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

## VI.
## COUNT 3- FEDERAL UNFAIR COMPETITION

39.     Plaintiff repeats the allegations above as if fully set forth herein.

40.     The acts of Defendant complained of herein constitute unfair competition in violation of Section 43(a) of the LANHAM ACT, 15 U.S.C. § 1125(a).

## VII.
## COUNT 4-   COMMON LAW UNFAIR COMPETITION

41.     Plaintiff repeats the allegations above as if fully set forth herein.

42.     The acts of Defendant complained of herein constitute unfair competition in violation of the common law of the State of Texas.

## VIII.
## COUNT 5- UNJUST ENRICHMENT

43.     Plaintiff repeats the allegations above as if fully set forth herein.

44.     The acts of Defendant complained of herein constitute unjust enrichment of the Defendant at the expense of Plaintiff.

## IX.
## PRAYER FOR RELIEF

1.     WHEREFORE, Plaintiff prays that:

a.  Defendant, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using the "Shades of Love" mark and any other mark that is confusingly similar to Plaintiff's "Shades of Love" mark, and from any attempt to retain any part of the goodwill misappropriated from Plaintiff;

b.  Defendant be ordered to take all steps necessary to destroy any materials bearing the "Shades of Love" mark;

c.  Defendant be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant have complied with the injunction;

d.  Defendant pay all reasonable royalties and licensing fees in connection with its unauthorized use of the mark;

e.  Defendant provide a full accounting to disclose all profits resulting from their activities and that such profits be disgorged and paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

f.  Plaintiff recover all recoverable actual damages for the two years of Defendant's wrongfully gained gross profits, which based on either a disgorgement of expected profits or a reasonable licensing fee for the period of unauthorized violation of exclusive rights, are reasonably expected to exceed $160,000.00, before the imposition of any interest, fees, or exemplary damages recoverable at law;

g.  Plaintiff recover all damages it has sustained as a result of Defendant's activities, and that said damages be trebled;

ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, AND UNJUST ENRICHMENT

h.   Plaintiff recover its reasonable attorney fees;

i.   Plaintiff recover its costs of this action and prejudgment and post-judgment interest; and,

j.   Plaintiff recover such other relief as the Court may deem appropriate.

## X.
## JURY DEMAND

Plaintiff demands a jury trial in accordance with FED. R. CIV. P 38(b).

Respectfully submitted,

VETHAN LAW FIRM, PC

By: /s/ Charles M. R. Vethan
Charles M.R. Vethan
Attorney-in-Charge
8700 Crownhill Blvd., Suite 302
San Antonio, Texas 78209
Telephone: (210) 824-2220
Telecopier: (210) 826-2223
edocs@vwtexlaw.com
**ATTORNEYS FOR PLAINTIFF**